**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

PEDRO N. RONDON,

                    Plaintiff,          Civ. No. 07-3511 (DRD)

v.                                 **O P I N I O N**

PASSAIC COUNTY JAIL, ET. AL.,

                    Defendants.

*Appearances by:*

PEDRO N. RONDON
42091-054
Moshannon Valley Correctional Center
555 Cornell Drive
Philipsburg, PA 16866

    *Pro Se Plaintiff,*

Law Offices of Giblin & Giblin
by:  Paul J. Giblin, Esq.
2 Forest Avenue, Suite 200
Oradell, NJ 07649

    *Attorneys for Defendants.*

**DEBEVOISE, Senior District Judge**

    This matter comes before the court on cross-motions for summary judgment by Plaintiff and Defendants.  Pro se Plaintiff, Pedro N. Rondon, is a prisoner confined at the Moshannon

Valley Correctional Center in Philipsburg, Pennsylvania.  Rondon brings this action pursuant to 42 U.S.C. § 1983 and alleges in his complaint that while he was temporarily held from June 17, 1998 to October 1998 in the Passaic County Jail, Sheriff Speziale and the Passaic County Jail failed to provide Rondon with clean underwear, which caused him to contract a fungal infection in the groin area; and that Sheriff Speziale and the Passaic County Jail failed to provide proper medical attention to treat the infection.  Rondon does not state the particular Constitutional or federal rights at issue, so the court will construe his complaint as alleging a § 1983 action based on an Eighth Amendment violation for inhumane prison conditions and subsequent denial of adequate medical care.  Because Rondon's claim is time-barred, summary judgment in favor of defendants is granted, and the court will not reach the parties' other arguments.

## I.     Background

Rondon was convicted on federal drug charges on June 17, 1998.  (Compl. ¶ 5.)  From June 17, 1998 to October 1998, Rondon was incarcerated in the Passaic County Jail in Paterson, New Jersey.  (Id. ¶¶ 6, 21.)  Rondon alleges that the only underwear the Passaic County Jail issued him, and the underwear that he was thus forced to wear during his entire stay, was used and had permanent stains from human waste.  (Id. ¶ 8-12.)  At some point during his incarceration at the Passaic County Jail, Rondon developed a skin infection on his groin, which he claims was caused by the clothing he was issued.  (Id. ¶ 13.)

In October 1998, Rondon was transferred to the Hudson County Jail in Kearney, New Jersey.  (Id. ¶ 21.)  When Rondon was processed, a doctor conducted an examination of his skin condition.  (Id. ¶¶ 23-24.)  The doctor prescribed a regular change of clean underwear and the application of a drying powder.  (Id. ¶¶ 24-25.)  In March 1999, a doctor at the Metropolitan Correctional Center in New York gave Rondon a physical examination.  (Id. ¶ 28.)  The doctor

2

noted Rondon's condition in his file and prescribed him clean changes of underwear, powder and ointment. (Id. ¶ 29-30.) Next, Dr. Newcon, a doctor at Federal Medical Center Fort Devens gave Rondon a physical examination. (Id. ¶ 31-32.) Dr. Newcon prescribed ointments, powder, and regular changes of underwear. (Id. ¶ 32.) In September 2001, Rondon was transferred to the Federal Correctional Institute in Otisville, New York, where doctors again examined his condition and prescribed ointments and powder. (Id. ¶ 35.)

Rondon states that each of the doctors' prescriptions controlled the infection for a short period of time, but that the infection continued to return and grow. (Id. ¶ 38-39.) The infection causes Rondon to suffer from itching and irritation. (Id. ¶ 38.) It has left Rondon's skin permanently scarred and discolored, and caused a "hole in the skin." (Id. ¶¶ 41-44.) In 2007, a Physician's Assistant informed him that the scarring and hole would be permanent. (Id. ¶ 44.) Rondon decided to file the instant suit when he realized he had sustained permanent skin damage. (Id. ¶ 46.)

On July 27, 2007, Rondon filed a complaint against the Passaic County Jail and Sheriff Jerry Speziale for failure to provide him with clean underwear and appropriate medical attention while he was in the Passaic County Jail. (Id. ¶¶ 47-48.) On June 26, 2009, Rondon moved for summary judgment. Defendants opposed Rondon's motion and filed a cross-motion for summary judgment on August 28, 2009.

## II.    Discussion

Both parties are moving for summary judgment on all claims, and as to all parties. Because Rondon's claims are time-barred, the court will grant summary judgment in favor of the defendants.

**A.    Standard of Review**

3

Summary judgment is proper where "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Rule 56(c).  For an issue to be genuine, there must be "a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party." Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006).  For a fact to be material, it must have the ability to "affect the outcome of the suit under governing law." Id.  Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.

In a motion for summary judgment, the moving party has the burden of showing that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  When the moving party does not bear the burden of proof at trial, the moving party may discharge its burden by showing that there is an absence of evidence to support the non-moving party's case. Id. at 325.  If the moving party can make such a showing, then the burden shifts to the non-moving party to present evidence that a genuine issue of fact exists and a trial is necessary. Id. at 324.  In meeting its burden, the non-moving party must offer specific facts that establish a genuine issue of material fact, not just create "some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

In deciding whether an issue of material fact exists, the Court must consider all facts and their reasonable inferences in the light most favorable to the non-moving party. See Pa. Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995).  The Court's function, however, is not to weigh the evidence and determine the truth of the matter, but, rather, to determine whether there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  If there are no issues that require a trial, then judgment as a matter of law is appropriate.

**B.     Statute of Limitations**

Since 42 U.S.C. § 1983 does not contain a specific provision regarding the time within which an action may be brought, federal courts apply the statute of limitations governing suits for personal injury in the state in which the action arises.  Wilson v. Garcia, 471 U.S. 261, 275 (1985).  Under N.J.S.A. 2A:14-2, a personal injury action must be commenced within two years after the cause of action accrues.  Cito v. Bridgewater Twp. Police Dep't, 892 F.2d 23, 25 (3d Cir. 1989) (finding § 1983 claims for personal injury are governed by the two-year statute of limitations under N.J.S.A. 2A:14-2).

Federal law governs the accrual of § 1983 claims.  Montgomery v. De Simone, 159 F.3d 120, 126 (3d Cir. 1998).  The limitations period "begins to run from the time the plaintiff knows or has reason to know of the injury which is the basis of the section 1983 action."  Id. (quoting Genty v. Resolution Trust Corp., 937 F.2d 899, 919 (3d Cir. 1991)); see Wallace v. Kato, 549 U.S. 384, 388 (2007).

Federal courts apply the forum state's law regarding tolling of the statute of limitations, including equitable tolling when not inconsistent with federal law.  See Hardin v. Straub, 490 U.S. 536, 537-39 (1989).  Therefore, New Jersey's equitable tolling rules apply to this case. New Jersey tolls the accrual of a claim until the "injured party discovers, or by an exercise of reasonable diligence and intelligence should have discovered, that he may have a basis for an actionable claim."  Lopez v. Swyer, 62 N.J. 267, 272, 300 A.2d 563 (1973).  "[K]nowledge of any cognizable injury is sufficient to initiate the running of the limitations period, including injuries that are actually, or apparently, insubstantial or transient."  Abboud v. Viscomi, 111 N.J. 56, 64, 543 A.2d 29 (1988).  Thus, "relief from a limitations bar will not normally be available to a plaintiff who merely misjudges the severity of an [sic] known injury or who suffers consequent

5

symptoms or ailments reasonably related to the originally known causally-connected injury." Id. "We impute discovery if the plaintiff is aware of facts that would alert a reasonable person to the possibility of an actionable claim; medical or legal certainty is not required." Lapka v. porter Hayden Co., f/k/a/ H.W. Porter Co., 162 N.J. 545, 555-56, 745 A.2d 525 (N.J. 2000). Rather, "some reasonable medical support" for an injury is sufficient. Id. at 557.

Rondon contracted his infection during his June 17, 1998 to October 1998 stay at Passaic County Jail. The first time a doctor inspected and prescribed treatment for his infection was October 1998 when he was transferred to the Hudson County Jail. Rondon certainly knew of the infection by October 1998 at the latest. Rondon did not file suit until 2007, when a Physician's Assistant informed him that he would suffer from permanent scarring and a "hole in the skin." This new information, though regrettable, does not change the date Rondon's claim accrued, nor does it entitle Rondon to equitable tolling. In October 1998, Rondon knew that he had an infection; that the infection was allegedly caused by the dirty clothing the jail issued him; and that the jail had not provided him with a physical examination. Rondon knew, or at the very least had reason to know, in October 1998, of the injury that forms the basis for his § 1983 claim. Even if Rondon misjudged the severity of the injury at the time, he did have enough medical information to know that he had sustained an injury. Therefore, the two-year statute of limitations began to run in October 1998 and expired in October 2000, almost seven years before he filed his claim in July 2007.

Therefore, the court will not reach the parties' other arguments, because this claim is time-barred.

### III. Conclusion

For the foregoing reasons, the court grants summary judgment on all claims in favor of defendants. The Court will enter an order implementing this opinion.

                                                    **s/ Dickinson R. Debevoise**
                                             DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated: October 2, 2009